*December, 1823.*                    Waters *against* Creagh and Shields.

On a Note to two executors, the executor of the deceased executor cannot join in an action with the survivor.

JOHN G. CREAGH, surviving executor of *John Mitchell,* and *S. B. Shields* executor of *P. F. Bayard,* who was co executor with *Creagh* of said *Mitchell,* declared in debt in the Circuit Court of *Marengo* County, against *Stacy B. Waters,* on his bill single, payable to *Creagh* and *Bayard* executors of *Mitchell.* Judgment final by default.

*Waters* prosecuted a writ of Error to this Court; the assignment of Error on which the case was decided appears in the

Opinion of the Court delivered by Judge *Saffold.*

When there are several executors, some of whom die before the administration is completed, the interest devolves exclusively on the last survivor and his executors, if any. Toller, 44. But it is said, that the note being payable to *Creagh* and *Bayard,* they had a right, in their individual characters, to bring an action on it. Admitting that the payees had a discretion to sue, either in their private or representative capacity, yet after the death of one, the action must be by the survivor alone, and the executor or administrator of the deceased cannot be joined, but must seek his

remedy against the survivor, for the share of the deceased. 1st Chitty's Pleadings, 10 ; and see 3d. Munford, 513. 1st Wash. 257.

It is therefore evident, that whether the debt be received as due to the payees in their private or representative characters, the action should have been in the name of the survivor alone.

It is the unanimous opinion of the Court that the judgment be reversed.